case than $10,000, the maximum amount allowed in this State in a case of this character. There is no merit in this contention. The plaintiff's action is predicated upon the Federal Employers' Liability Act of 1908, and we have already held that the facts of the case bring it within the act. The provisions of this act supersede all State laws upon the subject. *Mondou v. New York N. H. & H. R. Co.*, 223 U. S. 1; *Missouri K. & T. Ry. Co. v. Wulf*, 226 U. S. 570; *Michigan Cent. R. Co. v. Vreeland*, 227 U. S. 59; *St. Louis, S. F. & T. R. Co. v. Seale*, 229 U. S. 156. The Federal Act in question limits the right of recovery in this case to the pecuniary damages actually sustained by the next of kin of the deceased (*Michigan Cent. R. Co. v. Vreeland*, 227 U. S. 59), but it does not place any arbitrary limit on the amount that may be recovered. Plainly it would seem to be the intention of the act that recovery may be had for the *full* pecuniary damages actually sustained by the next of kin.

The defendant next contends that the damages awarded are excessive. We have carefully examined the evidence bearing upon this question, and we cannot say that the finding of the jury as to the amount of damages is manifestly against the weight of the evidence.

Finding no error in this record, the judgment of the Circuit Court is affirmed.

*Affirmed.*

---

**William F. Jones, Appellee, v. Joseph Edward Williams, Appellant.**

**Gen. No. 18,899. (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; in Hon. CHARLES A. MCDONALD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed March 26, 1914. Rehearing denied April 9, 1914.

## Statement of the Case.

Bill in equity by William F. Jones against Joseph Edward Williams to set aside a conveyance to defendant as fraudulent. From a decree setting aside the conveyance *in toto*, defendant appeals.

EDWARD H. KUBITZ, for appellant.

J. M. CAMELON, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 379*—*what constitutes a collateral attack on judgment of Probate Court*. On a bill by the holder of a judgment recovered in the Probate Court against the estate of defendant's mother, to set aside as fraudulent a conveyance from decedent to defendant, an account filed in the Probate Court by decedent, as executrix of her husband's estate, tending to show payment before the recovery of complainant's judgment is inadmissible as a collateral attack on the judgment.

2. EQUITY, § 479*—*when decree must conform to prayer*. The decree must conform to the prayer of the bill.

3. FRAUDULENT CONVEYANCES, § 300*—*when decree erroneous as not conforming to prayer of bill*. Where in a suit to set aside a conveyance as fraudulent the prayer of the bill was that the conveyance be set aside "as to the orator," a decree declaring the conveyance void *in toto* is erroneous.

---

## West Coast Timber Company, Appellee, v. Marvin Hughitt, Jr., et al., Appellants.

### Gen. No. 18,915. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed March 26, 1914. Rehearing denied April 9, 1914.